IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SANDRA HELBING and ALLISON LIST, :
Personal Representatives of the Estate :
of John Helbing, :
      Plaintiffs :
       :
      vs.                           CIVIL NO. 1:CV-10-1117
       :
WYNDHAM HOTELS AND :
RESORTS, LLC,
      Defendant :

*M E M O R A N D U M*

I. *Introduction*

The plaintiffs are the Estate of John Helbing, and his personal representatives, Sandra Helbing and Allison List. They filed suit in state court, averring that John Helbing died from injuries suffered on February 1, 2008, after a slip and fall on black ice at a hotel allegedly operated by the defendant, Wyndham Hotels and Resorts, LLC ("Wyndham Hotels"), in Gettysburg, Pennsylvania. The complaint sets forth a claim for wrongful death as well as a survival action.

The case was filed in state court on or about April 23, 2010, and Defendant removed it here on the basis of our diversity jurisdiction, 28 U.S.C. § 1332(a)(1), on May 24, 2010. It is controlled by Pennsylvania law. We are considering Defendant's motion for summary judgment, which principally argues as follows: (1) Plaintiffs sued the wrong party as the hotel was owned by another entity and operated by yet a third; and (2) in any event, the Pennsylvania doctrine of hills and ridges establishes that it cannot be liable for John Helbing's fall.

We can pass over whether Defendant was the correct party to sue.[1] After review of Defendant's motion, we agree with Defendant that the hills and ridges doctrine establishes that there can be no liability for John Helbing's injuries. We will therefore grant its motion.

II. *Standard of Review*

Under Fed. R. Civ. P. 56, the movant is entitled to summary judgment if it "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In pertinent part, parties moving for, or opposing, summary judgment must support their position by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). "'The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.'" *Colwell v. Rite-Aid Corp.*, 602 F.3d 495, 501 (3d Cir. 2010)(quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

---

[1] Defendant has submitted a franchise agreement between an entity called WHC Franchise Corporation, as the franchisor, and Gateway Gettysburg Hotel Conference Center Partners, L.P., which indicates that the latter owns and operates the hotel. Defendant has also submitted a "hotel management agreement," indicating that Gateway Gettysburg in turn contracted with Interstate Management Company, LLC to manage the hotel.

III. *Background*

We take this background from the properly supported factual assertions in the parties' briefs and the evidentiary submissions.[2]

John Helbing and his wife, Sandra, had been staying at the Wyndham Gettysburg Hotel for a few days, probably starting on January 30, 2008, apparently because Sandra Helbing ("Helbing") was doing some temporary work at a local hospital.

Mrs. Helbing testified at her deposition about weather conditions on relevant days. She did not notice any ice or snow on the hotel property on January 30, although when she returned to the hotel that evening, it was very cold and it was drizzling. (Doc. 28-1, Sandra Helbing Dep., pp. 37-38). On the evening of January 31, she recalls "[th]ey were calling for winter storms after midnight," but the weather for dinner that night "was fine." (*Id.*, p. 39). When they returned to the hotel that night from dinner around 8:00 p.m. or 8:30 p.m., there was no "slipperyness" at the hotel, no ice or snow. (*Id.*, pp. 40, 42).

The next morning, February 1, Mrs. Helbing opened the window curtains in their room, and "it appeared that it was raining because everything was just so shiny. . . . There may have been some flakes of snow . . . but from what we could tell upstairs, it looked almost like it was raining." (Id., p. 44). They were relieved it was only rain. (*Id.*, p. 51).

At around 7:00 a.m., they had a Baltimore TV station on, and the weather forecast for Baltimore was snow, rain and ice. The Helbings left their room, sometime around seven or seven-thirty, and walked out the main entrance to the hotel under a portico. The asphalt on the parking lot looked "shiny . . . looked like it was wet." (*Id.*, pp.

---

[2] Defendant did not file "a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried," as required by Local Rule 56.1.

3

45, 47, 48, 50, 51). They were going directly to their car across the asphalt parking lot to drive Mrs. Helbing to work. (*Id.*, p. 48). As her husband stepped from the brick area (which was also wet, *id.*, p. 52) onto the asphalt at the hotel entrance, he fell on his left side and slid about two feet. (Doc. 18-1, Helbing Dep., pp. 49, 52-53). Mrs. Helbing stepped onto the asphalt to try to help him and began to slide herself. (*Id.*, p. 53). He had to crawl back to the hotel. (*Id.*, p. 50).

Records from the National Weather Service in York, Pennsylvania, indicate that freezing rain began about 4:30 a.m. on February 1, 2008, and basically continued through 8:15 a.m. with some misting during this time as well. The temperature was around freezing. There was a brief time between 7:00 a.m. and 7:15 a.m. when there was just rain and mist. (Doc. 18-2, p.2). Mrs. Helbing testified that at the time her husband fell, it was sleeting, that the entire asphalt area near the portico was covered with ice, a sheet of ice, not just a patch of ice. (*Id.*, p. 54). In fact, she saw another vehicle "spin a wheelie." (*Id.*, p. 55). They walked back inside and went to their room. (*Id.*, p. 57-58).

Mrs. Helbing came back out so she could scrap the ice off their car (which had about three-quarters of an inch of ice on the windshield) and get to work. (*Id.*, p. 59). She walked on the sidewalk this time but only took a step every five minutes. (*Id.*, p 60). The sidewalk was icy and it was still sleeting. (*Id.*, p. 60-61). At that time, it was just sleeting at the hotel, but as she drove to work, "[t]hey were getting a mixed bag of sleet and snow and ice in Gettysburg itself." (*Id.*, p. 63).

Michael Myers was the front desk manager at the hotel that day. According to Mrs. Helbing, as she and her husband came back in, she told Myers he needed to get someone out there to take care of the ice, and he replied that it was fine when he arrived. (Doc. 18-1, p. 57). Myers testified that he walked on the asphalt after Mrs. Helbing told

4

him her husband had fallen and it looked clear, not slippery.  He also testified that he had no trouble driving into work that morning.  (Doc. 18-2, Myers Dep., pp. 22, 29).

IV.   *Discussion*

"The 'hills and ridges' doctrine is a long standing and well entrenched legal principle that protects an owner or occupier of land from liability for generally slippery conditions resulting from ice and snow where the owner has not permitted the ice and snow to unreasonably accumulate in ridges or elevations." *Morin v. Traveler's Rest Motel, Inc.*, 704 A.2d 1085, 1087 (Pa. Super. 1997).  The rationale for the doctrine is that it is "impossible" for a landholder to keep his property "always free from ice and snow . . . given the climatic conditions in this hemisphere." *Id.* (quoted case omitted).

> In order to recover for a fall on an ice or snow covered surface, therefore, a plaintiff is required to prove:
>
> (1) that snow and ice had accumulated on the sidewalk in ridges or elevations of such size and character as to unreasonably obstruct travel and constitute a danger to pedestrians travelling thereon; (2) that the property owner had notice, either actual or constructive, of the existence of such condition; (3) that it was the dangerous accumulation of snow and ice which caused the plaintiff to fall.

*Id.* at 1088 (quoted case omitted).

Defendant argues that the hills and ridges doctrine precludes recovery here.  In part, it relies on the following facts.  First, there were generally slippery conditions in the Gettysburg area.  As Mrs. Helbing testified, there was a sheet of ice in the hotel parking lot and ice covering the windshield of her car.  Additionally, she testified it was sleeting at the hotel, and as she drove to work, it was "a mixed bag of sleet and

5

snow and ice in Gettysburg itself."[3]  Second, there was no snow or ice that had accumulated at the hotel in ridges or elevations of such size and character as to constitute a danger to pedestrians.  Mrs. Helbing only testified to black ice where her husband fell and to a sheet of ice in the parking lot.[4]  We agree with Defendant that under the hills and ridges doctrine these facts preclude a recovery for John Helbing's slip and fall.

In opposition, Plaintiffs have argued that the hills and ridges doctrine does not apply and that their case is really one for failure to warn, relying on *Treadway v. Ebert Motor Co.*, 292 Pa. Super. 41, 436 A.2d 994 (1981).  According to Plaintiffs, the desk manager Myers had notice of the icy conditions when he came to work that morning and that the hotel therefore had a duty to warn its guests of those conditions.[5]  Further, the hotel should have cleared the asphalt and sidewalks of snow and ice.

We agree with Defendant that *Morin*, *supra*, disposes of Plaintiffs' argument.  In *Morin*, as here, the plaintiff also contended that the defendant, a motel, was liable for her injuries based on a failure to warn.  In that case, the freezing precipitation had begun in the early evening hours of the day before and had continued until early the following morning.  The plaintiff slipped and fell on a thin blanket of ice as she was walking in the parking lot to her car at around 7:20 a.m.  *Morin*, 704 A.2d at 1086-87.  The superior court decided that the hills and ridges doctrine precluded recovery.  The

---

[3] Plaintiffs argue that icy conditions did not exist generally in the area because Meyers testified that the roads were clear of ice and snow that morning. (Doc. 29, Plfs.' surreply brief, p. 3). However, Plaintiffs' citation to the record, (doc. 18-2, p. 22), does not support this assertion. Myers did say that he had no trouble driving into work that morning (doc. 18-2, p. 29), but we think that Mrs. Helbing's testimony establishes that there were generally slippery conditions at the time of her husband's fall.

[4] Mrs. Helbing did not use the words "black ice," but that is a fair inference from her description of the asphalt looking just wet or shiny but really being coated with ice.

[5] Myers testified that the conditions were fine but we view the evidence in the light most favorable to Plaintiffs.

court also rejected the plaintiff's failure-to-warn theory because the plaintiff, in material part, knew before her fall that the parking lot looked wet, although she did not know it was icy. *Id.* at 1089 n.3. She was therefore "clearly aware that conditions could be slippery the morning of her fall." *Id.* More importantly, the court also stated that because the defendant had no duty to the plaintiff under the hills and ridges doctrine to keep the parking lot clear, the motel also had no duty to warn. *Id.*

The same circumstances are present here. Mrs. Helbing and her husband both knew before he stepped onto the asphalt that it looked wet. Hence they both knew that conditions could be slippery. Moreover, in any event, the hills and ridges doctrine bars any reliance on a failure to warn.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: February 11, 2011

7

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SANDRA HELBING and ALLISON LIST, :
Personal Representatives of the Estate :
of John Helbing,
    Plaintiffs :

                       :
    vs.                       CIVIL NO. 1:CV-10-1117
                       :

WYNDHAM HOTELS AND :
RESORTS, LLC,
    Defendant :


*O R D E R*

    AND NOW, this 11th day of February, 2011, it is ordered that:

    1. Defendant's motion (doc. 17) for summary judgment is granted.

    2. The Clerk of Court shall enter judgment in favor of Defendant and against Plaintiffs and close this file.


                                         /s/William W. Caldwell
                                         William W. Caldwell
                                         United States District Judge